Case 1:18-mj-00693-MDG Document 1 Filed 07/30/18 Page 1 of 8 PageID #: 10

FILED
AUG 8 2018
CLERK, U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
DEPUTY CLERK

AB:JPM/JH

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

- against -

MOAYAD HEIDER MOHAMMAD ALDAIRI,

Defendant.

– – – – – – – – – – – – – – X

AFFIDAVIT IN SUPPORT OF REMOVAL TO THE WESTERN DISTRICT OF TEXAS

(Fed. R. Crim. P. 5)

No. 18-M-693

EASTERN DISTRICT OF NEW YORK, SS:

HAROLDO AMORIM, being duly sworn, deposes and states that he is a Special Agent with Homeland Security Investigations, duly appointed according to law and acting as such.

On or about May 29, 2018, an arrest warrant was issued by the United States District Court for the Western District of Texas commanding the arrest of the defendant MOAYAD HEIDER MOHAMMAD ALDAIRI in connection with the criminal complaint that charges defendant with Conspiracy to Bring an Alien to the United States for Financial Gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(i) and 1324(a)(1)(B)(i).

RECEIVED
US MARSHALS
W/TX-DEL RIO
2018 AUG -8 PM 2:01

The source of your deponent's information and the grounds for his belief are as follows:[1]

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1. On or about May 29, 2018, an arrest warrant was issued by the United States District Court for the Western District of Texas commanding the arrest of defendant MOAYAD HEIDER MOHAMMAD ALDAIRI in connection with the criminal complaint that charges defendant with Conspiracy to Bring an Alien to the United States for Financial Gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), 1324 (a)(1)(A)(i), and 1324(a)(1)(B)(i). A copy of the arrest warrant and criminal complaint are attached hereto as Exhibit A.

2. I am one of the case agents involved in the underlying investigation. On or about July 28, 2018, I arrested the defendant MOAYAD HEIDER MOHAMMAD ALDAIRI at John F. Kennedy International Airport ("JFK Airport") in Queens, New York. The defendant arrived at JFK aboard an international flight from London, England. I reviewed a passport that was provided by the defendant that included a photograph of the defendant and listed a name of Moayad Heider Mohammad Aldairi. During the arrest, the defendant affirmatively identified himself by the name Moayad Heider Mohammad Aldairi.

3. During the investigation, I have obtained a photograph of the individual wanted in the Western District of Texas. I have compared that photograph to the defendant MOAYAD HEIDER MOHAMMAD ALDAIRI, and I believe that the defendant is the same person wanted in the Western District of Texas.

WHEREFORE, your deponent respectfully requests that the defendant MOAYAD HEIDER MOHAMMAD ALDAIRI be removed to the United States District Court for the Western District of Texas so that he may be dealt with according to law.

S/ Haroldo Amorim

HAROLDO AMORIM
Special Agent, United States Department of Homeland Security, Homeland Security Investigations

Sworn to before me this
30th day of July, 2018

S/ Marilyn D. Go

THE HONORABLE MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

CLOSED

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CRIMINAL DOCKET FOR CASE #: 1:18−mj−00693−MDG All Defendants

Case title: USA v. Mohammad Aldairi

Date Filed: 07/30/2018
Date Terminated: 07/30/2018

Assigned to: Magistrate Judge Marilyn D. Go

**Defendant (1)**

**Heider Moayad Mohammad Aldairi**
*TERMINATED: 07/30/2018*

represented by **Len H. Kamdang**
Federal Defenders of New York Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
(718)407−7414
Fax: (718)855−0760
Email: len_kamdang@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 8:1324.F | |

**Plaintiff**

**USA**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/30/2018 | 1 | 3 | RULE 40 AFFIDAVIT by USA as to Heider Moayad Mohammad Aldairi (Sica, Michele) (Entered: 08/02/2018) |
| 07/30/2018 | | 11 | Arrest (Rule 40) of Heider Moayad Mohammad Aldairi (Sica, Michele) (Entered: 08/02/2018) |
| 07/30/2018 | 2 | 12 | Minute Entry for proceedings held before Magistrate Judge Marilyn D. Go: For a Removal hearing to the Western District of Texas. Defendant present for Arraignment with Federal Defender Len Kamdang; AUSA James McDOnald present. as to Heider Moayad Mohammad Aldairi (1) Count Complaint held on 7/30/2018, Initial Appearance in Rule 5(c)(3) Proceedings as to Heider Moayad Mohammad Aldairi held on 7/30/2018, Attorney Appointment Hearing as to Heider Moayad Mohammad Aldairi held on 7/30/2018. Removal hearing is waived. Commitment to the Western District of Texas entered (FTR Log #2:58−3:04.) (Sica, Michele) (Entered: 08/02/2018) |
| 07/30/2018 | 3 | 13 | ORDERCOMMITMENT TO ANOTHER DISTRICT as to Heider Moayad Mohammad Aldairi. Defendant committed to District of Western District of Texas.Signed by Magistrate Judge Marilyn D. Go on 7/30/2018. (Sica, Michele) (Entered: 08/02/2018) |
| 07/30/2018 | 4 | 14 | WAIVER of Rule 5(c)(3) Hearing by Heider Moayad Mohammad Aldairi (Sica, Michele) (Entered: 08/02/2018) |
| 07/30/2018 | 5 | 15 | CJA 23 Financial Affidavit by Heider Moayad Mohammad Aldairi (Sica, Michele) (Entered: 08/02/2018) |
| 07/30/2018 | 6 | 16 | Letter as to Heider Moayad Mohammad Aldairi (Sica, Michele) (Entered: 08/02/2018) |

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT

for the

United States of America

v.

Moayad Heider Mohammad Aldairi

*Defendant*

Case No. 18-M-693

Charging District's Case No.

## WAIVER OF RULE 5 & 5.1 HEARINGS
## (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* Western District of Texas.

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☑ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my ☑ preliminary hearing and/or ☑ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 7/30/18

X [signature]
*Defendant's signature*

[signature]
*Signature of defendant's attorney*

Len Kamdang
*Printed name of defendant's attorney*

# <u>EXHIBIT A</u>

AO 442 (Rev. 11/11) Arrest Warrant

FILED
MAY 29 2018
CLERK, U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ________ DEPUTY CLERK

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

United States of America
v.
Moayad Heider Mohammad ALDAIRI

*Defendant*

Case No. DR18-641M

COPY

2018 MAY 29 PM 1:04

RECEIVED
US MARSHALS
W/TX DEL RIO

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay *(name of person to be arrested)* Moayad Heider Mohammad ALDAIRI,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☑ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

See attached affidavit for details

A true copy of the original, I certify,
Clerk, U.S. District Court
By: ________
Deputy Clerk

Date: 05/29/2018

[signature]
*Issuing officer's signature*

City and state: Del Rio, Texas

Collis White, United States Magistrate Judge
*Printed name and title*

**Return**

This warrant was received on *(date)* ________, and the person was arrested on *(date)* ________
at *(city and state)* ________.

Date: ________

________
*Arresting officer's signature*

________
*Printed name and title*

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

FILED
MAY 29 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ____ DEPUTY CLERK

United States of America
v.
Moayad Heider Mohammad ALDAIRI

*Defendant(s)*

Case No. DR18-641M

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of Jul 1, 2017 through Dec 12, 2017 in the county of Maverick in the Western District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 8 U.S.C. §§ 1324 (a)(1)(A)(v)(I), 1324(a)(1)(A)(i), & (B)(i) Conspiracy to Bring an Alien to the United States for Financial Gain | Any person who engages in any conspiracy to, knowing that a person is an alien, bring or attempt to bring, for the purpose of commerical advantage or private financial gain, to the United States in any manner whatsoever such person at a place other than a designated port of entry or place other than as designated by the Commissioner, regardless of whether such alien has received prior official authorization to come to, enter, or reside in the United States and regardless of any future official action which may be taken with respect to such alien. |

This criminal complaint is based on these facts:

See attached affidavit for details.

A true copy of the original, I certify.
Clerk, U.S. District Court
By: ____
Deputy Clerk

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Haroldo Amorim, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 05/29/2018

[signature]
*Judge's signature*

City and state: Del Rio, Texas

Collis White, United States Magistrate Judge
*Printed name and title*

# United States District Court

WESTERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA
V.
Moayad Heider MOHAMMAD ALDAIRI

CASE NO. DR 18-641M

## AFFIDAVIT

On this date appeared before the following agent, who, after being duly sworn, deposed and said: In the captioned case,

1. Hamzah Ayedh Hazaea AL-HAMIDI, DOB 11/03/1991 (Citizen of Yemen)
2. Abdulrahman Ahmed Ali MANSOOR, DOB 02/14/1983 (Citizen of Yemen)
3. Hamood AL-SAKSAKI, DOB 01/01/1973 (Citizen of Yemen)
4. Mohammed AL-HUTHAIFI, DOB 01/01/1992 (Citizen of Yemen)
5. Bassam Alawi Saleh AL-AWADHIAL, DOB 11/05/1976 (Citizen of Yemen)
6. Rashed Samer AL-DUMAINI, DOB: 01/01/1992 (Citizen of Yemen)

Are material witnesses for the prosecution in a pending criminal investigation of the above-named individuals who are suspected of committing a violation of certain immigration laws. These witnesses are not citizens of the United States and are illegally present within the United States. Should they be left to their own devices and return home, they are not subject to extradition under Yemini law and it will be impracticable to secure their presence at such time as necessary for the disposition of the criminal matter.

Haroldo Amorim
Special Agent
Homeland Security Investigations
U.S. Department of Homeland Security

SUBSCRIBED and sworn to before me this 29th day of May 2018.

UNITED STATES MAGISTRATE JUDGE
Collis White

In view of the above affidavit, it is requested of the United States Magistrate Judge and the witnesses named in the affidavit be required to make bail in such an amount as the United States Magistrate Judge should see fit to assure their presence at the trial, and should they be unable to make such bond, that they be remanded to the custody of the United States Marshals pending final disposition of the criminal case, as provided by Rule 46(b) of the Federal Rules of Criminal Procedure.

UNITED STATES ATTORNEY

By: T. Kogler
Assistant U.S. Attorney

It is ORDERED on this ________ day of ______________, 2018, that the above witnesses who were brought before me be committed to the custody of the United States Marshal pending final disposition of the above captioned case, in lieu of bail in the sum of $__________. The witnesses shall be released, if in custody, ____ days from the date of this order.

UNITED STATES MAGISTRATE JUDGE

## AFFIDAVIT FOR AN ARREST WARRANT

From on or about July 1, 2017 to December 12, 2017, Moayad Heider Mohammad ALDAIRI, a citizen of Jordan and legal resident of Mexico, conspired with others to smuggle Special Interest Aliens (SIA) into the United States from Mexico. Between October 31, 2017 and December 12, 2017, six (6) citizens of Yemen crossed illegally into the United States from Mexico thorough Eagle Pass, TX. The HSI interviews with the six (6) detained Yemenis revealed that each of them paid ALDAIRI varying amounts to be smuggled into the United States from Mexico. All six (6) Yemenis positively identified ALDAIRI from a six-pack photo lineup as the person who smuggled them into the United States from Mexico.

MIME-Version:1.0
From:ecf_bounces@nyed.uscourts.gov
To:nobody@nyed.uscourts.gov
Bcc:
--Case Participants: Len H. Kamdang (edny_ecf@yahoo.com, len_kamdang@fd.org, lenhkamdang@gmail.com), Magistrate Judge Marilyn D. Go (lewis_hugh@nyed.uscourts.gov, marilyn_go@nyed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:13059462@nyed.uscourts.gov
Subject:Activity in Case 1:18-mj-00693-MDG USA v. Mohammad Aldairi Arrest - Rule 40
Content-Type: text/html

**U.S. District Court**

**Eastern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 8/2/2018 at 10:29 AM EDT and filed on 7/30/2018

| | |
|---|---|
| **Case Name:** | USA v. Mohammad Aldairi |
| **Case Number:** | 1:18-mj-00693-MDG |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Arrest (Rule 40) of Heider Moayad Mohammad Aldairi (Sica, Michele)**

**1:18-mj-00693-MDG-1 Notice has been electronically mailed to:**

Len H. Kamdang len_kamdang@fd.org, EDNY_ECF@YAHOO.COM, lenhkamdang@gmail.com

**1:18-mj-00693-MDG-1 Notice will not be electronically mailed to:**

# INITIAL APPEARANCE CALENDAR



Magistrate Judge : Marilyn Go Date: 7/30/18

Magistrate Case Number 18 M 0693 LOG #: 2:58 - 3:04

Defendant's Name: Moayad Mohammad Aldairi

✓ Court appointed counsel. ____ Defendant retained counsel.

Defense Counsel: Len Kamdang CJA:___ FDNY: ✓ RET:___

A.U.S.A. James McDonald Clerk : Nguyen

Interpreter : Brahim Gassi Language: Arabic

✓ ARRAIGNMENT on Removal Complaint held. ✓ Government Agent Sworn

___ DETENTION HEARING Held: ____ Government opposed bail for reasons stated on the record.

____ Bond set at ____________________. ____ Bond set on consent of both parties.

Defendant : ___ released ___ held pending satisfaction of bond conditions.

____ Defendant advised of bond conditions set by the Court and signed the bond.

____ Surety(ies) sworn, advised of bond obligations by the Court and signed the bond.

____ (Additional) surety/ies to co-sign bond by ____________________

____ After detention hearing, Court orders detention in custody. ____ Leave to reopen granted

____ Temporary Order of Detention Issued. Bail Hearing set for __________ ____________

____ At this time, defense counsel states on the record that the defendant does not have a bail application / package. Order of detention entered with leave to reapply to a Magistrate or to the District Court Judge to whom the case will be assigned.

____ Preliminary Hearing set for:____________________; or ____waived by defendant

____ Status Conference set for:______________ before Judge ______________

____ Medical memo issued.

✓ REMOVAL (Rule 5) PROCEEDING held. To the district of: Western Dist. of Texas

✓ Identity hearing held. Court ____ orders removal ✓ denies removal

____ Defendant waives: ___ identity hearing ___ preliminary hearing

____ Identity/ Removal Hearing set for: ____________________

✓ No bail application presented to the Court. Commitment to the District Western of Texas entered.

Other Comments/Rulings: Telephone order entered.

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

UNITED STATES OF AMERICA
V.
Moayad Mohammad Aldairi

**COMMITMENT TO ANOTHER DISTRICT**

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| | | 18 M 693 | |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**
☐ Indictment ☐ Information ☐ Complaint ☐ Other (specify)

**charging a violation of** U.S.C. §

**DISTRICT OF OFFENSE** Western District of Texas

**DESCRIPTION OF CHARGES:**

Conspiracy to bring alien to the US for financial gain, 8 USC § 1324(a)

**CURRENT BOND STATUS:**

☐ Bail fixed at and conditions were not met
☐ Government moved for detention and defendant detained after hearing in District of Arrest
☒ Government moved for detention and defendant detained pending detention hearing in District of Offense
☐ Other (specify)

**Representation:** ☐ Retained Own Counsel ☒ Federal Defender Organization ☐ CJA Attorney ☐ None

**Interpreter Required?** ☐ No ☒ Yes Language: Arabic

DISTRICT OF Eastern NEW YORK

TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

7/30/18
Date

[signature]
United States Judge or Magistrate Judge

**RETURN**

**This commitment was received and executed as follows:**

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |

CJA 23 (Rev. 11/11)

# FINANCIAL AFFIDAVIT

IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE

IN THE UNITED STATES ☑ DISTRICT COURT ☐ COURT OF APPEALS ☐ OTHER *(Specify below)*

IN THE CASE OF: USA v. Aldairi

FOR: Initial Appearance

AT: 2:00PM

LOCATION NUMBER:

PERSON REPRESENTED *(Show your full name)*: Aldairi, Moayad Heider

1 ☑ Defendant - Adult
2 ☐ Defendant - Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Supervised Release Violator
5 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other *(Specify)*

DOCKET NUMBERS
- Magistrate Judge: Marilyn Go
- District Court: EDNY
- Court of Appeals:

CHARGE/OFFENSE *(describe if applicable & check box →)*: 8 USC 1324 Smuggling Aliens — ☑ Felony ☐ Misdemeanor

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

### INCOME & ASSETS

**EMPLOYMENT**

Are you now employed? ☐ Yes ☐ No ☑ Self-Employed

Name and address of employer: Uber driver, Travel agent, Dry cleaning (Mexico - all income)

IF YES, how much do you earn per month? $ 2,694.00

IF NO, give month and year of last employment? ______ How much did you earn per month? $ ______

If married, is your spouse employed? ☑ Yes ☐ No

IF YES, how much does your spouse earn per month? $ 1,616.40

If you are a minor under age 21, what is the approximate monthly income of your parent(s) or guardian(s)? $ ______

**OTHER INCOME**

Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☐ Yes ☐ No

| | RECEIVED | SOURCES |
|---|---|---|
| IF YES, give the amount received and identify the sources | $ | |
| | $ | |
| | $ | |

**CASH**

Do you have any cash on hand or money in savings or checking accounts? ☑ Yes ☐ No IF YES, total amount? $ 1,000

**PROPERTY**

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes ☑ No

| | VALUE | DESCRIPTION |
|---|---|---|
| IF YES, give value and description for each | $ | |
| | $ | |
| | $ | |
| | $ | |

### OBLIGATIONS & DEBTS

**DEPENDENTS**

MARITAL STATUS:
- ___ Single
- ✓ Married
- ___ Widowed
- ___ Separated or Divorced

Total No. of Dependents: 2

List persons you actually support and your relationship to them: Wife; Son (2 years old)

**DEBTS & MONTHLY BILLS** *(Rent, utilities, loans, charge accounts, etc.)*

| DESCRIPTION | TOTAL DEBT | MONTHLY PAYMENT |
|---|---|---|
| Rent | $ | $ 242.46 |
| Utilities | $ | $ 80.82 |
| Groceries | $ | $ 215.52 |
| Loan Payments (credit card) | $ 11,314.80 | $ 431.04 |
| Loan Payment (personal) | $ 8,082.00 | 484.92 |

I certify under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF DEFENDANT *(OR PERSON REPRESENTED)*

Date: 07/30/2018

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 30, 2018

By ECF

The Honorable Marilyn D. Go
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Moayad Heider Mohammad Aldairi
Magistrate Docket No. 18-693

Dear Judge Go:

The government respectfully submits this letter, in advance of a detention hearing scheduled this afternoon at 2:00 p.m. with respect to defendant Moayad Heider Mohammad ALDAIRI, to request that the Court order that the defendant continue to be detained because he presents a flight risk and significant danger to the community.

On July 28, 2018, the defendant was arrested pursuant to a complaint charging the defendant with Conspiracy to Bring an Alien to the United States for Financial Gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), 1324 (a)(1)(A)(i), and 1324(a)(1)(B)(i).

## I. The Charged Offenses

From on or about July 1, 2017 to December 12, 2017, Moayad Heider Mohammad ALDAIRI, a citizen of Jordan and resident of Mexico, conspired with others to smuggle Special Interest Aliens (SIAs) into the United States from Mexico. Between October 31, 2017 and December 12, 2017, six citizens of Yemen crossed illegally into the United States from Mexico through Eagle Pass, TX. The Homeland Security Investigations ("HSI") interviews with the six detained Yemenis revealed that each of them paid ALDAIRI varying amounts to be smuggled into the United States from Mexico. All six Yemenis positively identified ALDAIRI from a photo array as the person who smuggled them into the United States from Mexico.

## II. Legal Standard

The Bail Reform Act of 1984, codified at 18 U.S.C. §§ 3141-3156, "requires that an accused be detained pending trial where, following a hearing in accordance with § 3142(f), 'the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" United States v. English, 629 F.3d 311, 318 (2d Cir. 2011) (quoting 18 U.S.C. § 3142(e)(1)). Generally, the government bears the burden of persuading the court by a preponderance of the evidence that the defendant is a flight risk or by clear and convincing evidence that the defendant is a danger to the community. United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001).

The government may proceed by proffer to establish facts relevant to a detention determination. United States v. Ferranti, 66 F.3d 540, 541 (2d Cir. 1995). Furthermore, "[t]he rules of evidence do not apply in a detention hearing." Id. at 542. As the Second Circuit has explained:

> [I]n the pre-trial context, few detention hearings involve live testimony or cross examination. Most proceed on proffers. See United States v. LaFontaine, 210 F.3d 125, 131 (2d Cir. 2000). This is because bail hearings are "typically informal affairs, not substitutes for trial or discovery." United States v. Acevedo-Ramos, 755 F.2d 203, 206 (1st Cir. 1985) (Breyer, J.) (quoted approvingly in LaFontaine, 210 F.3d at 131). Indeed, § 3142(f)(2)(B) expressly states that the Federal Rules of Evidence do not apply at bail hearings; thus, courts often base detention decisions on hearsay evidence. Id.

United States v. Abuhamra, 389 F.3d 309, 320 n.7 (2d Cir. 2004).

Whether detention is sought on the basis of flight or dangerousness, the Bail Reform Act lists four factors to be considered in the detention analysis: (1) the nature and circumstances of the crimes charged, including whether the offense is a crime of violence, (2) the history and characteristics of the defendant, (3) the seriousness of the danger posed by the defendant's release and (4) the weight of the evidence against the defendant. See 18 U.S.C. § 3142(g). Specifically, in evaluating dangerousness, courts consider not only the effect of a defendant's release on the safety of identifiable individuals, such as victims and witnesses, but also "'the danger that the defendant might engage in criminal activity to the detriment of the community.'" United States v. Millan, 4 F.3d 1038, 1048 (2d Cir. 1993) (quoting legislative history).

## III. Argument

The defendant presents a risk of flight and a substantial danger to the community, and should therefore remain in pretrial detention. His conduct demonstrates that there is no condition or combination of conditions that can reasonably assure the safety of the community.

The defendant is a citizen of Jordan and a resident of Monterrey, Mexico, with no status to legally enter or remain in the United States.[1] In his fifteenth effort to secure a visa to enter the United States, the defendant told employees at the United States Embassy in Jordan that he had a wife who was a United States citizen and he wished to travel to her. With a criminal complaint outstanding in the Western District of Texas, the defendant was permitted to begin the journey from Jordan to the United States and was apprehended upon arrival at the Point of Entry. Upon his apprehension, the defendant was given his Miranda warnings, and, contrary to his previous statement, he indicated that he did not have a wife who was a United States citizen residing in the United States.

The criminal complaint accuses the defendant of bringing six SIAs from Yemen to the United States. All six Yemeni aliens have independently identified the defendant from a photo array as the person who smuggled them to the United States, and one of those aliens took a cell phone video in which the defendant can be seen explaining his alien smuggling methods to several members of the group. During his post-arrest interview, the defendant was shown pictures of the six Yemeni aliens who had previously identified him, and he denied knowing who they were. The defendant was then shown the video, and while he acknowledged that he was the individual seen speaking with the aliens for more than twenty minutes, he continued to deny knowing the aliens or bringing them to the United States.

The complaint alleges the defendant conspired to bring aliens to the United States. However, if the defendant faces substantive charges of bringing six aliens to the United States, he would face a mandatory minimum penalty of 60 months' incarceration. Based on the strength of this case, the defendant's status in the United States, his repeated deceitful conduct, and the period of incarceration that he may face, the defendant poses a strong flight risk.

The defendant also presents substantial danger to the community. While outside the United States, the defendant brought at least six aliens from a country whose unvetted nationals potentially present grave security risks wherever they reside. The defendant's activities presented a national security risk when he was in Mexico. If he is released and is able to operate from inside the United States, the inherent risk to security could increase dramatically.

The defendant poses both a risk of flight and a danger to the community. Each of the factors at issue in the detention analysis weighs in favor to detaining the defendant pending resolution of the charges against him.

[1] An immigration detainer was lodged on July 29, 2018.

IV. Conclusion

For the reasons set forth above, the government respectfully submits that no condition or combination of conditions will assure the defendant's return to court or the safety of the community and therefore requests that the court order that the defendant be detained pending trial.

Respectfully submitted,

BRIAN A. BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

James Hepburn
PA Bar No.: 200051
Trial Attorney
Human Rights and Special Prosecutions
Criminal Division
U.S. Department of Justice
1301 New York Ave., NW, Suite 200
Washington, DC 20530
202-307-2908
james.hepburn2@usdoj.gov

cc: Clerk of the Court (by ECF)

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiffs<br><br>v.<br><br>MOAYAD HIEDER MOHAMMAD ALDAIRI<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 18 m 693 |

**NOTICE OF APPEARANCE**

Pursuant to Local Rule 1.3, the undersign counsel requests that the Court enter my appearance as counsel for the United States of America. I hereby affirm that:

(1) I have read and agree to abide by the Local Rules of the United States District Court for the Eastern and Southern District of New York; and

(2) I am a member in good standing of the Pennsylvania State Bar.

Respectfully Submitted,

BRIAN A. BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

James Hepburn
PA Bar No.: 200051
Trial Attorney
Human Rights and Special Prosecutions
Criminal Division
U.S. Department of Justice
1301 New York Ave., NW, Suite 200
Washington, DC 20530
202-307-2908
james.hepburn2@usdoj.gov